UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERISSE LINEBARGER,

           Plaintiff,                  No. 12-13157

v.                              District Judge Lawrence P. Zatkoff
                                      Magistrate Judge R. Steven Whalen

RONALD DUPUIS, ET AL.,

           Defendants.

_____ /

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion for Contempt [Doc. #30]. On October 1, 2013, I entered an order for Plaintiff Sherisse Linebarger to appear personally before this Court on October 9, 2013 and show cause why she should not be held in contempt of court for failure to abide by this Court's September 11, 2013 discovery order. Defendants' counsel appeared at the show cause hearing on October 9th. Plaintiff did not. For the reasons discussed below, I recommend that pursuant to Fed.R.Civ.P. 37(b), Plaintiff's complaint be DISMISSED WITH PREJUDICE.[1]

## I.    FACTS

On September 3, 2006, Defendants filed a motion to compel discovery and to award costs [Doc. #26]. The basis of that motion was Plaintiff's repeated failure to appear for deposition, and her failure to respond to Defendants' discovery requests. On September 11, 2013, I entered an order granting this motion, and directing Plaintiff to

_____

[1] In addition to contempt, Defendants have asked the Court "to take any other just and reasonable actions in enforcing the September 11, 2013 order that this Court deems necessary and prudent." Seeing that Plaintiff has for all intents and purposes abandoned this litigation, the dismissal of her complaint under Rule 37(b) is an appropriate sanction.

respond to the Defendants' written discovery requests within 14 days [Doc. #29]. I also imposed a $100.00 monetary sanction on Plaintiff.  My order warned the Plaintiff as follows, in upper case type:

> "PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER WILL
> RESULT IN FURTHER SANCTIONS, WHICH MAY INCLUDE
> DISMISSAL OF HER COMPLAINT WITH PREJUDICE."

On September 26, 2013, Defendants filed their motion for contempt, contending that Plaintiff's written discovery responses "were non-responsive, evasive, and grossly inadequate and must be treated as a failure to disclose, answer, or respond, pursuant to FRCP 37(a)(3)."  I have reviewed the Plaintiff's responses, which are appended to Defendants' motion, and I agree that they are woefully inadequate. In addition, Plaintiff did not pay Defendants $100.00, as I ordered her to do. I entered a show cause order, directing Plaintiff to personally appear before the Court on October 9, 2013 at 10:00 a.m. My order [Doc. #32] included the following warning:

> "Plaintiff's failure to appear will result in a Report and Recommendation
> that her case be dismissed."

The original docket entry of October 1, 2013 erroneously reflected a hearing date of October 10, rather than October 9, 2013. However, on October 2, 2013, a Notice of Correction was entered, modifying the docket entry to reflect the correct hearing date of October 9, 2013.

Plaintiff's counsel and Defendants' counsel appeared at the appointed date and time. The Plaintiff did not.  Her counsel verified on the record that on or about October 2, 2013, Plaintiff was personally advised that the date of the hearing was October 9, 2013.

## II.    STANDARD OF REVIEW

In general, Rule 37 provides for sanctions for failure to make disclosures or cooperate in discovery.  Rule 37(b) provides for sanctions where a party fails to comply

with a court order regarding discovery, including, under Rule 37(b)(2)( C ), dismissal of the case where it is the Plaintiff who has been disobedient.  A motion to dismiss under this Rule is addressed to the Court's discretion.  *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. V. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir. 1988).  The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997):  (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

In deciding whether to impose "the draconian sanction of dismissal," the first factor–the party's willfulness or bad faith–looms large.  *Intercept Security Corp. V. Code-Alarm, Inc.*, 169 F.R.D. 318, 321-22 (E.D. Mich. 1996), citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).   In addition, a prior warning that failure to comply with a discovery order will result in dismissal is pivotal both to the determination of willfulness and to the ultimate decision to dismiss.  *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

## III.   DISCUSSION

### A.   Willfulness

Willfulness is defined as a "conscious and intentional failure to comply with the court order."  *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).  The burden is on the

disobedient party "to show that the failure was due to inability and not to willfulness, bad faith, or fault." *Intercept Security*, at 322; *Regional Refuse Systems, supra*, 842 F.2d at 154. In this case, it is difficult to characterize Plaintiff's failure to comply with this Court's discovery order as anything other than willful. I ordered Plaintiff to appear for a show cause hearing because her answers to Defendants' written discovery requests were so obviously non-responsive. Nor was this the first instance of Plaintiff's failure to comply with the discovery rules. On September 11, 2013, I sanctioned her in the amount of $100.00 based in part on her bad-faith failure to appear for deposition on several occasions, causing expense and inconvenience to the Defendants and their attorneys.[2] She chose not to pay the $100.00. Finally, Plaintiff audaciously defied this Court's order to appear personally on October 9, 2013.

It is apparent that Plaintiff has no intention of following the orders of this Court or of cooperating in discovery. Indeed, it appears that she has no interest in pursuing this case. Given the primacy of the "willfulness or bad faith" factor, her complaint should be dismissed with prejudice.

## B.    Prejudice to Defendants

Notwithstanding the orders of this Court, Defendants have received nothing in the way of written discovery that is even arguably responsive to their requests.. Indeed, the Plaintiff has blatantly stymied Defendants' ability to obtain discovery relevant to the defense of this lawsuit. *See Maldonado v. Thomas M. Cooley Law School, et.al.*, 65 Fed.Appx. 955 (6th Cir. 2003)(unpublished) ("Further, the existence of prejudice is clear. Maldonado has completely thwarted the defendants' legitimate attempts to conduct

---

[2] Plaintiff failed to appear for properly noticed depositions on June 10, August 14 and September 3, 2003. *See* Doc. #26.

-4-

discovery"). The prejudice to the Defendants weighs against the Plaintiff and in favor of dismissing the Complaint.

### C.    Prior Warning

Plaintiff was warned twice that her failure to comply with the orders of this Court could result in the dismissal of her case. These pre-dismissal warnings should be given substantial weight. *Harris v. Callwood, supra.*

### D.    Consideration of Less Drastic Sanctions

In addition to being warned that non-compliance with this Court's orders could lead to dismissal, Plaintiff was given a monetary sanction.[3] Giving her yet another chance would be futile.

All four of the *Harmon* factors–especially the Plaintiff's willfulness and the prior warnings given to her–weigh strongly in favor of dismissal, and despite being given directed to appear in court and show cause why she should not be sanctioned, Plaintiff chose to stay home.

For these reasons, Defendants' request for alternative relief in the form of dismissal should be granted.

### IV.    CONCLUSION

For these reasons, I recommend that Plaintiff's complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

---

[3] Whether or not her complaint is dismissed, Plaintiff still owes the $100.00.

*Howard v. Secretary of HHS,* 932 F.2d 505 (6ᵗʰ Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6ᵗʰ Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6ᵗʰ Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6ᵗʰ Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: October 17, 2013    s/ R. Steven Whalen
            R. STEVEN WHALEN
            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 17, 2013, electronically and/or by U.S. mail.

            s/Michael Williams
            Case Manager for the
            Honorable R. Steven Whalen